Christopher E. Hawk OSB # 061635
chawk@gordoarees.com
Kjersten Turpen OSB # 025920
kturpen@gordonrees.com
Gordon & Rees LLP
121 SW Morrison St., Suite 1575
Portland, OR 97204
Telephone: (503) 222-1075
Facsimile: (503) 616-3600

Attorneys for Defendant
Goldstar Estate Buyers Corporation

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **LINDA NOONAN, an Individual,** | Case No. 13-cv-00354-HU |
| Plaintiff, | **DEFENDANT GOLDSTAR ESTATE BUYERS CORPORATION'S MEMORANDUM IN SUPPORT OF ITS' MOTION TO DISMISS** |
| vs. | |
| **GOLDSTAR ESTATE BUYERS CORPORATION,** | **Fed. R. Civ. P. 12(b)(6)** |
| Defendant. | Request for Oral Argument |

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant Goldstar Estate Buyers Corporation ("Goldstar") moves to dismiss Plaintiff's claims for failure to state a claim.

### BACKGROUND

Plaintiff alleges the following facts which must be accepted for purposes of this motion to dismiss:

Plaintiff alleges that in May 2011, she flew to Detroit, Michigan, to work a jewelry buying show for Goldstar. Complaint VI 5, 6. She further alleges that when she arrived in Detroit, William Ulrich asked her to have sex with him, and she refused. Complaint, IT 8, 9. She next contends that she worked the next five days, avoiding Mr. Ulrich. Complaint, IN 9, 10. She

alleges she reported for work on the sixth day, and was informed by Donna Elliott at Goldstar that she was being let go. Complaint, ¶11. She contends that Mr. Ulrich called her that evening and said she could "come back to work if she became his girlfriend." Complaint, ¶ 11.

As a result of these alleged facts, Plaintiff asserts claims of breach of the duty of good faith and fair dealing, wrongful discharge, intentional infliction of emotional distress, and negligence. For the reasons set forth below, Plaintiff's allegations are insufficient to give rise to her claims, and her complaint should be dismissed.

## LEGAL STANDARDS

To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain factual allegations which contain something more than simply a statement of facts that merely creates a suspicion of a legally cognizable right of action. *Moss v. US Secret Service,* 750 F Supp 2d 1197, 1211 (D Or 2010), *citing to Bell Atlantic Corp. v. Twombly,* 550 US 544, 555, 127 S Ct 1955, 167 L Ed 2d 929 (2007).

In ruling on a motion to dismiss, the court should accept the allegations in the complaint as true, and construe them in the light most favorable to Plaintiff. *Moss,* 750 F Supp 2d at 1211. "The court need not, however, accept legal conclusions 'cast in the form of factual allegations.'" *Id. citing to Western Mining Council v. Watt,* 643 F2d 618, 624 (9th Cir 1981).

## DISCUSSION

Plaintiff has failed to state a claim upon which she may prevail.

### A.     First Claim: Breach of Duty of Good Faith and Fair Dealing

Ms. Noonan asserts a breach of the duty of good faith and fair dealing which she alleges is implied in her employment contract. In Oregon, "the general rule is that an employer may discharge an employee at any time and for any reason, absent a contractual, statutory, or constitutional requirement to the contrary." *Washburn v. Columbia Forest Products, Inc.,* 340 Or 469, 475, 134 P3d 161 (2006).

However, the courts have not read an implied covenant of good faith and fair dealing into employment contracts.[1] *Araujo v. General Elec. Information Services,* 82 F Supp 2d 1161, 1169 (**D** Or 2000); *Sheets v. Knight,* 308 Or 220, 233, 779 P2d 1000 (1989), *abrogated on other grounds,* 321 Or. 532, 901 P.2d 841 (1995). Because employment is at-will, courts decline to add a requirement of good faith to either party's right to terminate employment. *See Araujo,* 82 F Supp 2d at 1169. That is, Goldstar did not owe Ms. Noonan a duty of good faith and fair dealing with respect to its right to terminate her, and therefore Goldstar cannot have breached that duty. As such, Ms. Noonan cannot maintain her claim for breach of the duty of good faith and fair dealing, and her first claim for relief should be dismissed.

**B.    Second Claim: Wrongful Discharge**

Ms. Noonan asserts she was wrongfully discharged because she refused to have sex with Mr. Ulrich. Complaint ¶¶ 17, 18. The tort of wrongful discharge is intended to serve "as a narrow exception to the at-will employment doctrine in certain limited circumstances where . . . the reasons for the discharge are so contrary to public policy that a remedy is necessary . . . to deter such conduct." *Whitley v. City of Portland,* 654 F Supp 2d 1194, 1224 (**D** Or 2009). A discharge is wrongful in two circumstances: "(1) when the discharge is for exercising a job-related right that reflects an important public policy; or (2) when the discharge is for fulfilling some important public duty." *Babick v. Or. Arena Corp.,* 333 Ore. 401, 407, 40 P.3d 1059 (2002). If statutes exist which protect the employment related right, then the courts will not recognize an additional common law remedy for wrongful discharge. *Whitley,* 654 F Supp 2d at 1224; *see also Delaney v. Taco Time Int'l,* 297 Or 10, 16, 681 P2d 114 (1984).

For example, the Ninth Circuit has refused to allow a plaintiff to bring a wrongful discharge claim in addition to his statutory retaliation claims because the plaintiff "did not suffer the kind of personal injury that would warrant providing a common law remedy of wrongful discharge *in addition to the existing state and federal statutory remedies for retaliation."* Thomas

---

[1] Goldstar notes that the employment agreement between the parties provides that Minnesota law applies. Either way, the claim fails because in Minnesota, as in Oregon, the courts have not read an implied covenant of good faith and fair dealing into employment contracts. *See Hunt v. IBM Mid America Employees Fed. Credit Union,* 384 NW2d 853 (1986).

Page 3 of 7 — DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

*v. City of Beaverton,* 379 F.3d 802, 813 (9th Cir. 2004) (emphasis added). The judges in this District concur. *See, e.g., Gresham v. Safeway, Inc.,* No. 08-6241-AA, 2010 U.S. Dist. LEXIS 9864, at *31-32 (D Or Feb. 3, 2010); *U.S. ex. rel. Chartraw v. Cascade Healthcare Community, Inc.,* No. 05-708-AA, 2009 US Dist LEXIS 17542, at *12 (D Or March 5, 2009); *Battan v. Allwest Underground, Inc.,* No. 08-CV-707-BR, 2008 US Dist LEXIS 68735, at *16-17, 2008 WL 4191467 (D Or Sept. 5, 2008).

Here, Plaintiff could assert claims of harassment, discrimination, or retaliation under ORS 659A.030, *et seq.,* or Title VII, for example.[2] ORS 659A.030 *et* seq.,and Title VII both allow for a wide range of damages which adequately compensate a plaintiff for unlawful behavior arising out of an employee's discharge from employment. Accordingly, the Court should dismiss Plaintiff's second claim for wrongful termination because Title VII and ORS Chapter 659A provide Plaintiff with an adequate statutory remedy.

      **C.**      **Third Claim: Intentional Infliction of Emotional Distress**

Ms. Noonan asserts Goldstar intended to inflict severe emotional distress on her, and that its actions and inaction were the cause of her severe emotional distress. Complaint, ¶¶ 24, 25. A claim for intentional infliction of emotional distress ("IIED") requires pleading and proof that: (1) defendant intended to inflict severe emotional distress on plaintiff; (2) defendant's conduct did, in fact, cause plaintiff to suffer severe emotional distress; and (3) defendant's conduct involved some extraordinary transgression of the bounds of socially tolerable conduct. *Lathrope-Olson v. Oregon Department of Transportation,* 128 Or App 405, 408, 876 P2d 345 (1994).

Proof of intent is difficult to establish such that proof of this claim largely turns on whether the conduct is sufficiently outrageous. *House v. Hicks,* 179 P3d 730, 218 Or App 348 (Or App 2008). Conduct is sufficiently outrageous when it goes beyond all possible bounds of decency and utterly intolerable conduct in civilized community. *House v. Hicks,* 179 P3d 730, 218 Or App 348 (Or App 2008). "Conduct that is merely 'rude, boorish, tyrannical, churlish and

---

[2] Goldstar denies that Plaintiff would have any actionable claims under these statutes, but is merely explaining that Plaintiff could assert claims based on her alleged facts under these statutes, and therefore her common law claim must be dismissed. Goldstar denies Plaintiff's allegations.

Page 4 of 7 — DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

mean' does not" rise to the level of sufficiently outrageous to make out a claim of intentional infliction of emotional distress. *Watte v. Edgar Maeyens,* 112 Or App 234, 238, 828 P2d 479 (1992), *citing to Hall v. The May Dept. Stores,* 292 Or 131, 135, 637 P2d 126 (1984).

In *Watte,* the plaintiff alleged that in the course of terminating them, the defendant directed them to hold hands with two of their co-workers, demanded that they surrender their keys, paced tensely in front of them with clenched hands, accused them of being liars and saboteurs, refused to explain his conduct and rashly ordered them off the premises. *Watte,* 112 Or App at 237. The court held that while this conduct was "insulting, rude, boorish, tyrannical, churlish, and mean" it "did not exceed the bounds of social toleration." *Watte,112* Or App at 238. As such, the court affirmed the trial court's granting the motion to dismiss.

In *Meagher v. Lamb-Weston,* 839 F Supp 1403 (D Or 1993), Judge Panner granted summary judgment against the plaintiff's intentional infliction of emotional distress claim where the plaintiff alleged the supervisor told off-color jokes, commented on female employees' attributes, commented on his "own perceived sexual prowess," and engaged in offensive gestures and touching. Judge Panner held that the supervisor's behavior did not constitute an extraordinary transgression of the bounds of socially tolerable conduct, and therefore entered summary judgment on behalf of the defendant. *See also Pearson v. US Bank Corp.,* 2004 WL 1857099 (D Or 2004) (allegations that defendant presented a toilet in front of other managers and co-workers for failing to meet unrealistic goals, subjecting him to unjustified, negative reviews and criticism, and wrongly accusing him of dishonesty and unsatisfactory job performance does not rise to level of intentional infliction of emotional distress).

In *Rodriguez v. Central School Dist. 13J,* Case No. 12-cv-1223-HU (D Or 2012), this court noted the gatekeeper role required of the trial court in evaluating the viability of an IIED claim. In *Rodriguez,* the plaintiff alleged that the defendant repeatedly treated her rudely, shouted at her in front of her co-workers, threw things at her, grabbed things from her hands, spoke angrily to her, lied about her work performance, and generally harassed her. The court held that

even if these allegations were true, they do not approach the level of extreme and outrageous conduct required to support a claim for IIED under Oregon law.

Here, Ms. Noonan alleges that the night she arrived in Detroit, prior to beginning work, she met Mr. Ulrich and a number of employees in the hotel bar, where Mr. Ulrich ordered her drinks and asked her to have sex with him. Complaint, ¶¶ 7, 8. She further alleges that despite his request to her, when Mr. Ulrich later requested she come to his room, she did so and he again requested that she have sex with him. Complaint, cll 8. She alleges she began work for Goldstar the next day, and worked the next five days without incident. Complaint IT 9, 10, 11.

This conduct is not sufficiently outrageous to give rise to a claim against Goldstar for IIED. Plaintiff alleges Mr. Ulrich requested she have sex with him in two instances prior to her beginning work for Goldstar. Her allegations are insufficient to give rise to a claim of conduct which is so intolerable and outside the bounds of what is socially acceptable as to result in actionable emotional distress under Oregon law. As such, Plaintiff's third claim for relief should be dismissed.

### D. Fourth Claim: Negligence

Ms. Noonan asserts Goldstar had a duty to its employees to prevent discrimination, harassment, and retaliation, and to provide a safe work environment, and further that Goldstar breached this duty in failing to train and supervise its agents, employees, and managers and in ignoring or minimizing discrimination, harassment, and retaliation in the workplace.

In Oregon, a negligence claim seeking economic damages must be predicated on some heightened duty of the allegedly negligent party to exercise reasonable care to prevent foreseeable harm. *Numrich v. Ntekpere,* Case No. 12-cv-1594-HU (D Or 2013); *see also McFarlin v. Gormley,* 2008 US Dist LEXIS 10541 (D Or 2008). An employee-employer relationship is not one in which the courts have found a special relationship to support a negligence claim for purely economic damages. *Id.* Here, Ms. Noonan seeks economic damages. She does not allege any physical injury, nor does she allege facts giving rise to a special

relationship which would allow her to maintain a claim for economic recovery under a negligence theory. Accordingly, Plaintiff's fourth claim for relief should be dismissed.

## CONCLUSION

Plaintiff's complaint fails to allege facts sufficient to support any of her claims for relief. As set forth herein, Plaintiff's claims fail as a matter of law. As such, Plaintiff's complaint should be dismissed.

Respectfully submitted this 18th day of July, 2013.

By: *'s/ Kjersten Turnen*
Christopher E. Hawk, OSB # 061635
Kjersten Turpen, OSB # 025920
Attorneys For Defendant Goldstar Estate Buyers Corporation

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that, on the 18th day of July, 2013, and pursuant to the Fed. R. Civ. P., I filed and served via CM/ECF, a true and correct copy of the foregoing **DEFENDANT GOLDSTAR ESTATE BUYERS CORPORATION'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS** to all parties as identified on the Court-generated Notice of Electronic Filing and/or Court docket including:

| | |
|---|---|
| Aaron W. Baker<br>650 Pioneer Tower<br>888 SW Fifth Avenue<br>Portland OR 97204<br>awblaw@eartlink.net<br><br>*Attorneys for Plaintiff* | Tara Lawrence<br>Lawrence Law Office, P.C.<br>6915 SW Macadam Avenue, Suite 115<br>Portland, OR 97219<br>tara@taralawrencelaw.com<br><br>*Attorneys for Plaintiff* |

      Executed on July 18, 2013 at Portland, Oregon.

                              GORDON & REES LLP

                    By:   <u>/s/ Kjersten Turpen</u>
                              Christopher E. Hawk (OSB #061635)
                              Kjersten Turpen (OSB #025920)
                              Of Attorneys for Defendant Goldstar
                                 Estate Buyers Corporation