William A. Barton, OSB #720209
Brent Barton, OSB #062698
attorneys@thebartonlawfirm.com
THE BARTON LAW FIRM, P.C.
214 SW Coast Highway
P.O. Box 870
Newport, Oregon 97365
Telephone: (541) 265-5377
Facsimile: (541) 265-5614

Tara Lawrence
tara@taralawrencelaw.com
LAWRENCE LAW OFFICE, P.C.
6915 SW Macadam Avenue, Ste. 115
Portland, Oregon 97219
Telephone: (503) 387-5571
Facsimile: (888) 660-7336

        Of Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| KELLY KELSEY, CHRISTINE KOTROUS, LINDA NOONAN, CHRISTINE OTTENS, RITA ROBERTSON, KARYN SUGGS and SHERRY WICKLER,<br><br>            Plaintiffs,<br><br>    v.<br><br>GOLDSTAR ESTATE BUYERS CORPORATION, a Minnesota corporation, and WILLIAM ULRICH, an individual,<br><br>            Defendants. | Case No. 3:13-cv-00354-HU<br><br>PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS |

Plaintiffs respectfully submit the following memorandum in opposition to Defendants' Motion to Dismiss Plaintiffs' claims under Federal Rules of Civil Procedure 12(b)(6).

## I.
## INTRODUCTION

Plaintiffs rebut each of Defendants' arguments in detail below, but two general weaknesses pervade their Motion to Dismiss: (1) Defendants stretch the pleading requirements of Fed. R. Civ. P. 8(a) by suggesting that *Twombly* and *Iqbal* require each of the seven Plaintiffs to plead each of their claims for relief separately; and (2) Defendants ignore the many factual allegations contained in the Amended Complaint. This oversight is ironic given the memorable nature of these allegations.

## II.
## LEGAL ARGUMENT

**A.     Legal Standard.**

This Court recently outlined the legal standard when considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6) in an employment case in *Sanchez v. Land O'Lakes, Inc.*, 2013 U.S. Dist. LEXIS 171046 *13 (D. Or. Nov. 4, 2013), which quoted Chief Judge Aiken's opinion in *Gambee v. Cornelius*, 2011 WL 1311782 *2 (D. Or. April 1, 2011). As those opinions noted, the "complaint is construed in favor of the plaintiff, and its factual allegations are taken as true." *Sanchez*, 2013 U.S. Dist. LEXIS 171046 *13 (quoting *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010)). "For a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must plausibly suggest a claim entitling the plaintiff to relief." *Id.* (quoting *Moss v. United States Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009)). Plaintiffs' claims have facial plausibility if they plead "factual content

that allows the court to draw the reasonable inference" that the defendants are liable for the misconduct alleged. *Id*. (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)). "Once a claim has been stated adequately it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id. (*quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007)).

As this Court noted in *Sanchez*, in reviewing the sufficiency of a Complaint for purposes of a motion to dismiss, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Id*. (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236, overruled on other grounds, *Davis v. Scherer*, 468 U.S. 183, 104 (1984)). "To survive a motion to dismiss for failure to state a claim, the plaintiff is not required to make 'detailed factual allegations,' but must allege sufficient factual allegations 'to raise a right to relief above the speculative level.'" *Id*. (quoting *Twombly*, 550 U.S. at 555).

In this case, Plaintiffs' Amended Complaint alleges facts that, assumed to be accurate, state plausible claims for relief. Accordingly, Defendant's motion should be denied. *Twombly,* 550 U.S. at 556; *Iqbal,* 556 U.S. at 663.[1]

**B.     Plaintiffs Have Pleaded Their Claims Sufficiently.**

    **1. The Federal Rules of Civil Procedure do not require plaintiffs to plead their claims separately in this context.**

The essence of Defendants' primary argument is that federal pleading requirements as interpreted in *Twombly* and *Iqbal* require each of the seven Plaintiffs to plead each of their

---

[1] Should this Court disagree and rule that some or all of Plaintiffs' Amended Complaint is insufficient, Plaintiffs request leave to amend. Many of Plaintiffs' claims may otherwise be time-barred because the parties mediated this case pursuant to a tolling agreement before Plaintiffs filed the Amended Complaint. Mediating in good faith should not prejudice Plaintiffs, and courts may grant a party leave to amend whenever "justice so requires," Fed. R. Civ. P. 15(a)(2); such requests should be granted with "extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F. 3d 708, 712 (9th Cir. 2001), *quoting Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

3 -  MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

The Barton Law Firm
214 SW Coast Hwy., PO Box 870
Newport, OR 97365

claims for relief separately. Memorandum in Support of Defendants' Motion to Dismiss ("*Defs' Memo*") at 2, 5-6. But the Federal Rules of Civil Procedure require fair notice and plausibility, not redundancy. Specifically, *Twombly* noted that Fed. R. Civ. P. 8(a) requires two things of a complaint: (1) it must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests," and (2) "assert the necessary factual support to state a claim that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. The Amended Complaint clears these hurdles in that it notifies Defendants of the pending claims, which are plausible if Plaintiffs' factual allegations prove accurate.

Plaintiffs have also identified clearly which claims apply to which plaintiff. For example, each plaintiff brings a claim for involuntary servitude, trafficking in persons, sex discrimination, and negligence under Oregon law, for sex trafficking and forced labor under federal law, and for breach of the implied covenant of good faith and fair dealing under Minnesota law. *See Am. Compl*. ¶¶ 6-26, 33-40. By contrast, only plaintiffs Kotrous, Ottens and Robertson allege entitlement to relief under Title VII, and only plaintiffs Kotrous and Noonan bring claims for wrongful discharge. *Am. Compl*. ¶¶ 27-32. Defendants apparently understand these allegations, as they matched each Plaintiff with their respective claims in their supporting memorandum. *Defs' Memo* at 3-4.

As alleged in this case, Defendants victimized each plaintiff in similar ways, which is reflected in Plaintiffs' Amended Complaint. The particularities of the sex acts Defendants demanded from Plaintiffs varies, but the overall experiences of the separate Plaintiffs are sufficiently similar to allege as common claims.

> **2. Defendants ignore the facts alleged by Plaintiffs, which allege plausible claims for relief.**

Defendants argue that some of Plaintiffs' Amended Complaint does nothing more than "parrot the legal standards." *Defs' Memo* at 7-8. Defendants further argue that these claims "amount to nothing more" than the sort of vague allegations rejected in *Iqbal*. *Defs' Memo* at 7-8. Although each claim will be discussed below, the error in this argument is that it ignores the many facts alleged by Plaintiffs.

When considering factual plausibility, Plaintiffs' Amended Complaint must be taken as a whole and considered in its entirety. *Iqbal*, 556 U.S. at 678-79 (when evaluating the sufficiency of a complaint, pleaded factual content combines with reasonable inferences taken from those facts to determine plausibility). Here, Plaintiffs' Amended Complaint both notifies Defendants of the claims and alleges the following facts:

- Defendants traveled from city to city as part of their regular business. *Am. Compl.* ¶ 3.
- Defendants operated out of hotels across the United States. *Id.*
- Defendants housed and fed their employees in the various cities in which Defendants were conducting their business. *Id.*
- Defendants transported employees regularly across state lines to participate in Defendants' business ventures. *Id.*
- Plaintiffs were employees of Defendants. *Am. Compl.* ¶ 4.
- Throughout the employment of each Plaintiff, Defendants either forced or attempted to force each Plaintiff to provide at least one of the following "services":
    - Sexual intercourse with Defendant Ulrich. *Am. Compl.* ¶ 7.a.
    - Sexual intercourse with Defendant Ulrich in exchange for monetary compensation in addition to regular wages. *Am. Compl.* ¶ 7.b.
    - Sexual intercourse with Defendant Ulrich and additional sex partners at the same time. *Am. Compl.* ¶ 7.c.
    - Anal sex with Defendant Ulrich. *Am. Compl.* ¶ 7.d.
    - Oral sex with Defendant Ulrich. *Am. Compl.* ¶ 7.e.

- - Oral sex with Defendant Ulrich in exchange for monetary compensation in addition to regular wages. *Am. Compl.* ¶ 7.f.
  - Observation of sexual acts between Defendant Ulrich and other individuals. *Am. Compl.* ¶ 7.g.
  - Procurement of sex devices to be used by Defendant Ulrich. *Am. Compl.* ¶ 7.h.
  - Procurement of prostitution services for Defendant Ulrich. *Am. Compl.* ¶ 7.i.
  - Arrangement for travel by prostitutes across state lines for purposes of sex with Defendant Ulrich. *Am. Compl.* ¶ 7.j.
  - Procurement of sex partners for Defendant Ulrich. *Am. Compl.* ¶ 7.k.
- Defendants forced or attempted to force each Plaintiff to engage in at least one of the above-referenced "services" by instilling fear in each Plaintiff. *Am. Compl.* ¶ 8.
- The nature of the fear Defendants instilled in Plaintiffs was that Defendants would withhold the "necessities of life" from them if they did not comply with Defendants' demands. *Id*.
- The necessities of life Plaintiffs feared would be withheld from them included food, shelter, money and/or continued employment. *Id*.
- On a continuing basis throughout each Plaintiffs' employment, the Plaintiffs were recruited, hired, transported and/or harbored by Defendants. *Am. Compl.* ¶ 14.
- Defendants demanded the "services" discussed above from each Plaintiff with the knowledge that they were going to instill fear in Plaintiffs that if they did not comply with Defendants' demands, Defendants would withhold the "necessities of life" from Plaintiffs. *Id*..
- By participating in the conduct alleged in the complaint, each Defendant benefitted, either financially, by virtue of receiving something of benefit, or both. *Am. Compl.* ¶¶15, 18.
- When Defendants recruited, hired, transported or harbored Plaintiffs, they did so with knowledge or reckless disregard that force, threat of force, coercion, or all three, would be used against each Plaintiff in order to cause them to engage in commercial sex acts, specifically, sexual acts in exchange for employment or maintenance of job status. *Am. Compl.* ¶ 17.

- Defendants knowingly obtained the labor or "services" from Plaintiffs, as specifically described above, by one or all of the following means:
    - Serious harm;[2] *Am. Compl.* ¶ 22.
    - Threats of serious harm; *Id*.
    - A scheme, plan or pattern intended to make Plaintiffs believe they would suffer serious harm if they did not engage in one or more of the "services" described above. *Id*.

As further discussed below, these allegations create plausible causes of action. Accordingly, Defendants' Motion to Dismiss should be denied.

### 3. Plaintiffs' claims for involuntary servitude ("Claim One") are facially plausible.[3]

Plaintiffs allege that Defendants forced and/or attempted to force them to engage in specific sexual acts, *Am. Compl.* ¶¶ 3, 4, 7, any one of which would qualify as "services" that a person cannot be forced to perform under Oregon's involuntary servitude statute, O.R.S. 30.867. Defendants attack these allegations by arguing that loss of employment is not within the definition of force used to keep a victim in involuntary servitude. *Defs' Memo* at 10-11. This argument fails for two reasons: First, Plaintiffs allege that they feared that Defendants would withhold "<u>food, shelter, money</u>, and/or continued employment." *Am. Compl.* ¶ 8 (emphasis added). Although Defendants attack the phrase "continued employment" at length, they ignore Plaintiffs' allegations regarding the deprivation of "food, shelter, money," which are covered by the statute.

---

[2] "Serious harm" in this context is a term of art, meaning "any harm, whether physical or non-physical, including psychological, financial or reputational harm, that is sufficiently serious, under all the surrounding circumstances, to compel a reasonable person of the same background and in the same circumstances to perform or to continue performing labor or services in order to avoid incurring that harm." 18 U.S.C. § 1589(c)(2).

[3] Involuntary servitude occurs where an actor, knowingly and without lawful authority, forces or attempts to force another person to engage in services by instilling fear that the actor will withhold from the other person the necessities of life. O.R.S. 163.263. *See also*, O.R.S. 163.261 (defining "services" as "activities performed by one person under the supervision or for the benefit of another person").

7 - MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

The Barton Law Firm
214 SW Coast Hwy., PO Box 870
Newport, OR 97365

The second flaw in Defendants' argument is that it misses a unique aspect of this case in that Defendants provided Plaintiffs food and shelter as part of their employment. *Am. Compl.* ¶ 3 ("Defendants paid for employees' food and lodging in the various cities in which Defendants were conducting their business"). In these circumstances, Defendants violated the involuntary servitude statute by threatening to deprive Plaintiffs of the necessities of life. Thus, in the context of this case, Plaintiffs' factual allegations present a facially plausible claim for involuntary servitude under O.R.S. 30.867.

### 4. Plaintiffs' claims for trafficking in persons under Oregon law ("Claim Two") are facially plausible.[4]

Defendants' arguments against Plaintiffs' claims for trafficking in persons arising under Oregon law suffer similar flaws. In their one paragraph addressing these claims, Defendants attack them in two ways. *Defs' Memo* at 11. The first is incorrect; the second is irrelevant.

Defendants' first argument against these claims is that Plaintiffs "completely fail to allege facts," and that there are "no well-pleaded facts upon which to conclude that this is an alleged case of * * * human sex trafficking." *Id*. This argument is incorrect in it ignores Plaintiffs' many factual allegations giving rise to these claims, specifically those in paragraphs 3, 4, 7, and 8 of the Amended Complaint. Of particular relevance to Claim Two are the following allegations:

- Plaintiffs were employed by Defendants. *Am. Compl*. ¶¶ 4,5.

- Defendants traveled from city to city throughout the United States. *Am. Compl*. ¶ 3

---

[4] Trafficking in person occurs either (1) where an actor knowingly recruits, entices, harbors or transports another person with the knowledge that the other person will be subjected to involuntary servitude, as defined by ORS 163.263, or (2) where an actor benefits financially or receives something of value from participation in a venture involving involuntary servitude. ORS 163.266.

- Defendants paid for Plaintiffs' food and lodging as they traveled. *Id*.

- Defendants transported Plaintiffs regularly across state lines to participate in their business ventures. *Id*.

Taken as a whole, these factual allegations present plausible claims for relief under both prongs of O.R.S. 163.266.

Defendants' second argument against Claim Two is that plaintiffs include the word "hire" in their allegations, which is not used in the statute. Although this observation is accurate, it is irrelevant because Plaintiffs also alleged that Defendants "recruited" Plaintiffs. Specifically, Plaintiffs alleged that they were "recruited, hired, transported and/or harbored by Defendants." *Am. Compl*. ¶ 14. Perhaps Defendants argue that they did not "recruit" Plaintiffs during the hiring process, but that kind of fact-specific argument is best deferred to a jury.

### 5. Plaintiffs' federal law claims for human trafficking[5] ("Claim Three") and forced labor[6] ("Claim Four") are facially plausible.

Defendants argue in two ways that Plaintiffs' claims arising from 18 U.S.C. § 1595 are deficient. The first argument is that Plaintiffs neglected to allege any facts beyond the bare elements of the claims. *Defs' Memo* at 11-12, 15. As discussed above, this argument is incorrect in that it ignores the many factual allegations in the Amended Complaint, particularly in

---

[5] Sex trafficking occurs either (1) where an actor knowingly recruits, entices, harbors or transports another person with the knowledge, or in reckless disregard, that force, threat of force, or coercion will be used to cause the person to engage in a commercial sex act, or (2) where an actor benefits financially or receives something of value from participation in a venture which has engaged in the acts described in (1). 18 U.S.C. § 1591(a).

[6] Forced labor occurs where an actor knowingly obtains labor or services of another person by means of force, threat of force, serious harm, threats of serious harm, or by means of any scheme, plan or pattern intended to cause the person to believe that they would suffer serious harm if they did not perform such labor or services. 18 U.S.C. § 1589.

9 - MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

The Barton Law Firm
214 SW Coast Hwy., PO Box 870
Newport, OR 97365

paragraphs 3, 4, 5, 7, and 8.  Taken as a whole, these allegations present facially plausible claims for human trafficking and forced labor.[7]

Defendants' second argument against Plaintiffs' claims arising from 18 U.S.C. § 1595 is that Congress did not intend the statute to apply to Plaintiffs' situation.  *Defs' Memo* at 12-15.  Defendants support this argument both by minimizing Plaintiffs experiences, *Defs' Memo* at 14-15, and providing "real world examples of human sexual trafficking."  These examples consist of quotes from decisions in other circuits that deny post-conviction relief in criminal matters.  *Defs' Memo* at 12-14.  The fatal flaw in this argument is the language of the statute itself, which is clear and unambiguous.  18 U.S.C. § 1595.

When evaluating Congressional intent, courts first look to the plain language of the statute.  *Consumer Product Safety Commission v. GTE Sylvania, Inc.*, 447 U.S. 102, 108, 100 S.Ct. 2051, 2056 (1980) ("the starting point for interpreting a statute is the language of the statute itself.  Absent a clearly expressed legislative intention to the contrary, that language must ordinarily be regarded as conclusive"); *Caminetti v. U.S.*, 242 U.S. 470, 485, 37 S.Ct. 192, 194 (1917) ("It is elementary that the meaning of a statute must, in the first instance, be sought in the language in which the act is framed, and if that is plain, and if the law is within the constitutional authority of the lawmaking body which passed it, the sole function of the courts is to enforce it according to its terms").  Here, Plaintiffs allege facts that create plausible claims for relief under 18 U.S.C. § 1595.  Defendants do not contend that the statute is ambiguous or

---

[7]    Although Defendants did not specifically contest that they benefited or received something of value by participating in the trafficking scheme, the Amended Complaint as a whole supports a reasonable inference that Defendants benefitted financially and received something of value from their misconduct.  Defendants employed Plaintiffs to assist in their business while also provided on-demand sexual gratification to Defendant Ulrich.  If Defendants did not derive value from this scheme, it would not have continued for so long at the expense of so many of their victims.  *See Iqbal*, 556 U.S. at 679 (plausibility analysis requires a court to consider context and to draw on judicial experience and common sense).

unconstitutional; rather, they request that this Court not apply it to Plaintiffs' alleged facts because Plaintiffs' claims do not comport with Defendants' notion of sex trafficking or forced labor. *Defs' Memo* at 12-15. But this Court should not substitute Defendants' judgment for that of Congress.

Rather than following the maxims of statutory construction, Defendants quote narratives from various criminal cases that are inapposite in the context of a Rule 12(b)(6) motion. *See United States v. Todd*, 627 F.3d 329 (9th Cir. 2010) (judgment of conviction affirmed); *United States v. Rivera*, 2012 U.S. Dist. LEXIS 85090 (E.D.N.Y. June 18, 2012) (motion to set aside jury verdict denied); *United States v. Townsend*, 521 Fed. Appx. 904 (11th Cir. 2013) (judgment of conviction affirmed). It is ironic that Defendants rely on post-conviction criminal cases, in which the facts have already been adjudicated, to argue that Plaintiffs' trafficking and forced labor claims should be dismissed before discovery. It is the prerogative of a jury, not Defendants themselves, to decide whether Defendants' treatment of Plaintiffs was also "horrific and heart-breaking." *Defs' Memo* at 12.

**C.  Plaintiff Kotrous and Plaintiff Noonan's Wrongful Discharge Claims ("Claim Seven") Are Not Precluded by Statute.**

The parties appear to agree that a wrongful discharge claim is available unless an existing remedy protects the public interest in question. *Hull v. Ivey Imaging, LLC*, 2008 U.S. Dist. LEXIS 95796, **3-6 (D. Or. Nov. 21, 2008), relying on *Draper v. Astoria School Dist. No. 1C*, 995 F. Supp. 1122 (D. Or. 1998). The disagreement centers on whether Title VII or O.R.S 659A provide a complete remedy to Plaintiff Kotrous and Plaintiff Noonan based on the alleged facts. If so, Plaintiff Kotrous and Plaintiff Noonan agree to dismiss Claim Seven; if not, Defendants' motion to dismiss it should be denied.

11 - MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

The Barton Law Firm
214 SW Coast Hwy., PO Box 870
Newport, OR 97365

Plaintiff Kotrous and Plaintiff Noonan's wrongful discharge claims arise from conduct that is not actionable under Title VII or ORS chapter 659A.[8] Title VII and ORS 659A.030 provide causes of action arising from sexual harassment and discrimination, but they do not provide for a claim arising from retaliation for refusing to engage in unlawful activity. *See* ORS 659A.030(1); 42 U.S.C. § 2000e, *et seq*. Plaintiffs Kotrous and Noonan allege that they were discharged in retaliation for refusing to participate in unlawful activity, such as engaging in prostitution themselves and procuring prostitutes for Defendants' benefit. *Am. Compl*. ¶¶30-32. Refusing to engage in unlawful activity is a recognized basis for a wrongful discharge claim. *See, e.g. Anderson v. Evergreen Int'l Airlines, Inc.*, 131 Or. App. 726, 734, 886 P.2d 1068 (1994), *rev den* 320 Or. 749 (1995) (wrongful discharge claim where plaintiff fired for refusing to violate FAA safety regulations); *Banaitis v. Mitsubishi Bank, Ltd.*, 129 Or. App. 371, 380, 879 P.2d 1288 (1994) (wrongful discharge claim where employee fired for refusing to disclose confidential customer information); *Delaney*, *supra*, 297 Or. at 17 (wrongful discharge claim where employee fired for refusing to sign false and potentially tortious statement). Accordingly, the motion to dismiss Plaintiffs Kotrous and Noonan's wrongful discharge claims should be denied.

**D.    Plaintiffs Have Stated a Viable Claim For Breach of Implied Covenant and Fair Dealing Under Minnesota Law ("Claim Nine").**

Defendants oversimplify Minnesota law when they argue that it prohibits any claim for breach of implied covenant of good faith and fair dealing in an employment contract. *Defs' Memo* at 17. In fact, Minnesota recognizes such a claim when the employment relationship is

---

[8]    Plaintiff Kotrous and Plaintiff Noonan agree to strike *Amended Complaint* ¶ 30(b), which alleges sexual harassment, to the extent it duplicates their claims arising under Title VII or ORS 659A.

something other than at-will, which is a factual question. A case cited by Defendants provides an example. In *Bratton v. Menard, Inc.*, 438 N.W.2d 116, (Minn. App. 1989), the plaintiff alleged that the defendant discharged him in order to avoid paying his bonuses and commissions. The court denied defendant's motion for summary judgment on the claim for breach of implied covenant of good faith and fair dealing, reasoning that a jury could find the employee was dismissed in bad faith where an employee handbook modified at-will employment to require a good faith discharge. *Bratton*, 438 N.W.2d at 119.

Other courts in Minnesota have similarly recognized that an implied covenant of good faith in an employment contract can "arise from the actions of the parties and surrounding circumstances." *O'Brien v. A.B.P. Midwest Inc.*, 814 F. Supp 766, 776-777 (D. Minn. 1992) (holding that a trier of fact must determine whether the employee handbook created a unilateral contract not to terminate the employee for bringing complaints to the employer's attention); *see also Lewis v. Equitable Life Assurance Soc'y*, 389 NW2d 876, 883 (Minn. 1986) (stating that under certain circumstances, an employee handbook may create enforceable obligations against the employer).

In this case, formal discovery has not occurred, so Defendants' challenge to Claim Nine should be deferred at least until summary judgment. Plaintiffs should have the opportunity to discover whether Defendants' acts and omissions created, and then breached, a covenant of good faith and fair dealing. *Am. Compl*. ¶¶ 38-40.

//

//

//

//

13 - MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

The Barton Law Firm
214 SW Coast Hwy., PO Box 870
Newport, OR 97365

### III.

### CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss Plaintiffs' Amended Complaint should be denied. Alternatively, Plaintiffs should be granted leave to amend the Amended Complaint.

DATED this 4th day of February, 2014.

                                                                      THE BARTON LAW FIRM, P.C.

                                                                      /s/ William A. Barton
                                                                      William A. Barton, OSB #720209
                                                                      Brent Barton, OSB #062698
                                                                      attorneys@thebartonlawfirm.com

                                                                      Tara Lawrence, OSB #990581
                                                                      tara@taralawrencelaw.com

                                                                      Attorneys for Plaintiffs